IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

**Rodney Fitzgerald Gorden**                                                               **Plaintiff**

v.                              No. 5:14-CV–121-DPM-JTK

**Carolyn W. Colvin, Acting Commissioner,**
**Social Security Administration**                                                   **Defendant**

## Recommended Disposition

### Instructions

The following recommended disposition was prepared for U.S. District Judge D.P. Marshall. A party to this dispute may file written objections to this recommendation. An objection must be specific and state the factual and/or legal basis for the objection. An objection to a factual finding must identify the finding and the evidence supporting the objection. Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1] The objecting party must serve the opposing party with a copy of an objection. Failing to object within 14 days waives the right to appeal questions of fact.[2] If no objections are filed, Judge Marshall may adopt the recommended disposition without independently reviewing all of the record evidence.

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

**Reasoning for Recommended Disposition**

Rodney Fitzgerald Gorden seeks judicial review of the denial of his application for supplemental security income.[3] In the past, Gorden worked primarily as an executive chef.[4] He hasn't done that work since 2001. Since 2001, he's cared for his dying father and disabled son, and worked part-time at a flea market.[5] Gorden initially claimed he has been disabled since 2002, but he now claims he has been disabled since April 2009.[6] He based his claim on diabetes, hypertension, nerve damage in the back, boils, asthma, and allergies.[7]

**The Commissioner's decision.** The case challenges a decision following an agency remand. The Commissioner's Appeals Council remanded the first decision[8] to the ALJ to address Gorden's primary care physician's (PCP) opinion, obesity, and the

---

[3]SSA record at p. 209.

[4]*Id*. at pp. 225 & 233.

[5]*Id*. at pp. 46, 75 & 244.

[6]*Id*. at p. 74 (amending onset date to the date of application and dismissing application for disability insurance benefits).

[7]*Id*. at p. 223.

[8]*Id*. at p. 108 (decision dated Oct. 1, 2010).

mental ability to work.[9] The ALJ held a second hearing[10] and issued a second decision denying Gorden's application.[11] This case challenges the second decision.

In the second decision, the ALJ determined Gorden has severe impairments — diabetes, hypertension, asthma, back and spine disorder, sleep apnea, inflammatory/gouty arthritis, and morbid obesity[12] — but he can do some sedentary work.[13] Because a vocational expert identified available sedentary work,[14] the ALJ determined Gorden is not disabled and denied the application.[15]

After the Appeals Council declined to review,[16] the second decision became the

---

[9]*Id*. at p. 102 (remand order dated May 9, 2012).

[10]*Id*. at p. 38 (hearing on Aug. 1, 2012).

[11]*Id*. at p. 20 (decision dated Sept. 24, 2012).

[12]*Id*. at p. 23.

[13]*Id*. at pp. 24-25 (placing the following limitations on sedentary work: (1) occasional stair climbing, balancing, stooping, kneeling, crouching, and crawling; (2) no ladder climbing; (3) no extreme cold, heat, wetness, humidity, high concentrations of dusts, gases, odors, smoke or poor ventilation; (4) needs a sit/stand option; (5) incidental interpersonal contact; (5) tasks learned and performed by rote with few variables and little required judgment: and (6) simple, direct, concrete supervision).

[14]*Id*. at p. 59 (identifying food order clerk as representative work).

[15]*Id*. at p. 31.

[16]*Id*. at p. 1.

Commissioner's final decision for the purpose of judicial review.[17] Gorden filed this case to challenge the decision.[18] In reviewing the decision, the court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[19]

**Gorden's allegations**. Gorden alleges legal error. He contends the ALJ failed to comply with the Appeals Council remand order by improperly evaluating his doctor's opinion and failing to request additional medical evidence. He complains about the omission of evidence submitted after the second decision. He contends the omitted evidence is necessary for judicial review because it documents the severity of his impairments. He maintains the record is insufficient for meaningful judicial review.[20]

**The ALJ properly considered the PCP's opinion**. Gorden framed his argument

---

[17]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating that "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[18]Docket entry # 1.

[19]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

[20]Docket entry # 12.

as a matter of non-compliance with remand instructions, but in actuality, the argument challenges the ALJ's evaluation of medical opinion evidence. Gorden claims the ALJ failed to follow agency regulations and failed to adequately explain why the PCP's opinion is inconsistent with treatment records.

Agency regulations require an ALJ to consider medical opinion evidence in determining whether the claimant is disabled.[21] The regulations favor treating-physician opinions, in part, because treating physicians "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s)…."[22] The regulations provide for controlling weight for a treating-physician opinion that is well-supported by medically acceptable clinical and laboratory diagnostic techniques and consistent with the other substantial evidence. The regulations direct the ALJ to consider the length of the treatment relationship, frequency of examination, nature and extent of the treatment relationship, supportability, consistency, and specialization,[23] but the regulations do not require an ALJ to list or discuss each factor in a decision.

The ALJ's analysis of the PCP's opinion focuses on supportability and

---

[21] 20 C.F.R. § 416.927.

[22] *Id.*

[23] *Id.*

consistency. The ALJ discussed the contrast between the PCP's opinion and treatment notes for the time period January 23, 2012 to May 22, 2012.[24] Other PCP treatment are very similar. The treatment notes document no physical limitation. A PCP may not document a patient's physical limitations in every treatment note, but it's reasonable to expect treatment records for a patient with disabling limitations to reflect at least some physical limitations. There are no documented limitations. The only negative medical findings flowed from periodic flares of gout in the foot. The absence of medical findings documenting physical limitation undermines the PCP's opinion.

The ALJ's analysis focused on supportability and consistency, but no serious question exists about whether the ALJ considered the treatment relationship. With the exception of treatment records for periodic emergency room visits, the record consists primarily of PCP treatment records. Those records show the PCP has treated Gorden's chronic conditions — diabetes, hypertension, and gouty arthritis — for many years. There is no way to consider the PCP treatment notes without recognizing the other factors — length of the treatment relationship, frequency of examination, nature and extent of the treatment relationship, and specialization. The ALJ properly determined that the opinion warrants no controlling weight because it is unsupported by, and inconsistent with, treatment notes.

---

[24]SSA record at pp. 29-30.

**The omitted evidence provides no basis for relief**. Gorden attached omitted treatment records to his brief.[25] The omitted records address treatment from April 26, 2013 to December 2, 2013. This time period is after the time period for which benefits were denied.

The Appeals Council addressed the omitted records in a letter declining review, providing the following explanation:

> We also looked at records from Steven Wright, MD, dated April 26, 2013 through December 2, 2013. The Administrative Law Judge decided your case on September 24, 2012. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before September 24, 2102.[26]

This explanation shows the Appeals Council reviewed the recrods, but omitted them from the agency record. Omitting the records wasn't error under the regulations, because the regulations direct the Appeals Council to return evidence that does not relate to the period on or before the date of the ALJ's decision, explain why it rejected the evidence, and advise the claimant of the right to file a new application.[27]

Even it the omission constituted error, a record omission does not warrant a remand unless the omitted evidence bolsters the claimant's argument or prevents

---

[25]Docket entry # 12, attach. 1.

[26]SSA record at p. 2.

[27]20 C.F.R. § 416.1476.

judicial review.[28] The omitted records do not bolster Gorden's argument because they do not address Gorden's condition during the time period for which benefits were denied.[29] The omitted records do not prevent meaningful judicial review because the record contains treatment records for the time period for which benefits were denied. During the pendency of his application, Gorden saw his PCP on a regular basis. The record includes associated treatment records.[30] Gorden also made periodic visits to a hospital emergency room. The record includes associated treatment records.[31] These

---

[28]*Williams v. Barnhart*, 289 F.3d 556, 558 (8th Cir. 2002) (stating that the court will not remand a case based on inaudible portions of a hearing transcript "[a]bsent an indication that the missing portion of the transcript would bolster appellant's arguments or prevent judicial review;" the most significant instances of inaudible testimony were in the medical expert's summarization of the medical evidence; because the medical records were also part of the record, the omission of did not impair the court's ability to review the decision); *Andres v. Bowen*, 870 F.2d 453, 45-56 (8th Cir. 1989) (refusing to remand a case in which the hearing transcript ended in the middle of the claimant's cross-examination of the vocational expert; "the missing portion of the expert's testimony involved modifications of the hypothetical question to account for the [alleged] additional functional limitations;" "the ALJ's written decision in effect reconstituted the missing portion of the hearing transcript by discussing and then rejecting [the] attempted modification of the hypothetical question;" nothing indicated the missing transcript would help the claimant or prevent fair judicial review).

[29]*Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002) ("In order to support a remand, new evidence must be 'relevant, and probative of the claimant's condition for the time period for which benefits were denied.'") (citation omitted).

[30]SSA record at pp. 463-64, 510-21, 523-26, 627-28, 640-54 & 694-708.

[31]*See id.* at pp. 542 (high blood sugar), 559 (bronchitis), 575 (viral syndrome), 658 (obstructed salivary gland), 675 (gout), 680 (gout) & 686 (gout).

treatment records provide for meaningful judicial review by addressing Gorden's condition during the time period for which benefits were denied. No error occurred.

## Conclusion and Recommended Disposition

Substantial evidence supports the ALJ's decision because a reasonable mind would accept the evidence as adequate to support the decision. The record shows nothing preventing Gorden from working within the ALJ's parameters. The ALJ did not err in evaluating the PCP's opinion. The omitted treatment records have no bearing on this case. For these reasons, the undersigned magistrate judge recommends DENYING Gorden's request for relief (docket entry # 2) and AFFIRMING the Commissioner's decision.

Dated this 22nd day of June, 2015.

_____
United States Magistrate Judge